UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN RANKIN,

    Petitioner,

v.    Case Nos.   04-CV-74780
                                                            02-CR-80242

UNITED STATES OF AMERICA,

                                                   Honorable Arthur J. Tarnow
    Respondent.            United States District Judge
_____/

## ORDER DENYING PETITIONER'S § 2255 MOTION TO VACATE [94]

Before the Court is Petitioner's Motion to Vacate [94], pursuant to 28 U.S.C. § 2255. Having reviewed the record, briefs, and applicable law, the Court **DENIES** Petitioner's Motion.

### I. BACKGROUND

On March 27, 2002, the federal government indicted Rankin, along with five others, for Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The charge stemmed from his involvement smuggling marijuana into the Federal Corrections Institution at Milan, Michigan. All of the defendants pled guilty.[1]

Petitioner pled guilty to Count I of the indictment pursuant to a written Rule

---

[1] Defendant Jonathan Amos pled on 12/13/02 and received 1 year of probation. Defendant Christopher Sanders pled on 12/19/02 and received 2 years of probation. Defendant Kelvin Smith pled on 12/9/02 and received 6 months of probation. Defendant Gary Stallworth pled on 12/19/02 and received 48 months imprisonment. Defendant Denise Taylor pled on 12/9/03 and received 2 years of probation.

*Rankin v. United States*, 04-74780/02–80242

11 Plea Agreement in September, 2003.  A sentencing hearing occurred December 4, 2003, where Rankin was represented by counsel and was given the opportunity challenge any part of his plea, including sentencing enhancement.  The Court sentenced Rankin to 37 months imprisonment, to run consecutively to a prior federal sentence for a drug offense in Minnesota, followed by four years of supervised release.  He now seeks to vacate that sentence under section 2255.

## II.  STANDARD OF REVIEW

Historically, the purpose of *habeas corpus* has been "to afford relief to those whom society has 'grievously wronged.'"  *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993).  To prevail under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which "had substantial and injurious effect or influence on the proceedings."  *Id.*  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis v. United States,* 417 U.S. 333, 346 (1974) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

## III.  ANALYSIS

Petitioner's Motion to Vacate asserts violations of his Sixth Amendment right to effective assistance of counsel as well as a violation of his Sixth Amendment right to have all facts which increased his sentence to be found by a jury in accordance with *United States v. Booker*, 125 S.Ct. 748 (2005).

### A.  Ineffective Assistance of Trial Counsel

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced

*Rankin v. United States*, 04-74780/02–80242

the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). "A court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 689. For guilty pleas on collateral review, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59.

Petitioner first argues that trial counsel was ineffective for failing to adequately explain, improperly consenting to, and failing to object to the +4 point leadership adjustment for Petitioner's role in the Offense under § 3b1.1(a) of the Sentencing Guidelines. Petitioner argues that as a result he was prejudiced by receiving a higher sentence.

Petitioner's claim of ineffectiveness fails to satisfy either the prejudice or performance prong of *Strickland*. Trial counsel's performance with regards to the leadership enhancement cannot be said to fall below the objective standard of reasonableness. The evidence supporting the leadership enhancement was sufficient for a Probation Officer to recommend it and enough to convince the Court to make a factual finding that it existed despite defendant's *pro se* objection. There is nothing that Petitioner has offered to demonstrate that counsel's actions were erroneous in the face of such evidence.

Petitioner also fails to establish that he suffered any prejudice with regards to the leadership enhancement. If Petitioner were allowed to withdraw his guilty plea and go to trial, he would lose his acceptance of responsibility points and at trial be faced with numerous witnesses who would support a finding of the

*Rankin v. United States*, 04-74780/02–80242

leadership enhancement.

Petitioner similarly argues that he was denied the effective assistance of counsel for his trial attorney's failure to both explain and object to the sentencing enhancement regarding the amount of marijuana. Again, Petitioner's argument fails to establish either prejudice or deficient performance. Petitioner has not demonstrated that counsel's performance, accepting the amount in the plea agreement, was deficient or even erroneous. The enhancement was based on substantial evidence. During the plea, Petitioner agreed to the amount without objection. Finally, Petitioner has not shown that the enhancement itself was incorrect. For similar reasons, Petitioner fails to demonstrate that he has suffered any prejudice as a result of his counsel's advice.

## B.  Unconstitutional Sentence Because of *Booker* Error

Petitioner argues that his sentence under the Sentencing Guidelines was made in error in light of the United States Supreme Court decision *United States v. Booker*, 125 S.Ct. 738 (2005). In *Booker,* the Supreme Court held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756.

The Sixth Circuit has held:

that *Booker* established a new rule of criminal procedure and therefore did not apply retroactively to cases already final on direct review (i.e., those cases in which a decision has been rendered on direct appeal and the 90-day

*Rankin v. United States*, 04-74780/02–80242

period for seeking a writ of certiorari had expired) at the time it was rendered. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005), *petition for cert. filed* (May 17, 2005) (No. 05-5130).

*United States v. Saikaly,* 2005 U.S. App. LEXIS 21012 (6th Cir. 2005).[2]  As a result, Petitioner cannot raise any *Booker*-based claims in his § 2255 action.

## IV.  CONCLUSION

Petitioner has not demonstrated any "fundamental defect which inherently result[ed] in a complete miscarriage of justice."  *Davis,* 417 U.S. at 346.  Thus, his Motion to Vacate [94] is **DENIED**

**IT IS SO ORDERED.**


                        s/Arthur J. Tarnow
                        Arthur J. Tarnow
                        United States District Judge


Dated: 10/6/2005

I hereby certify that a copy of the foregoing document was served upon counsel of

---

[2]Every other court of appeals that has addressed this issue has reached the same conclusion. See also *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (*per curiam*); *United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005), *petition for cert. filed* (Aug. 5, 2005) (No. 05-5769); *Guzman v. United States*, 404 F.3d 139, 141 (2d Cir. 2005), *petition for cert. filed* (July 5, 2005) (No. 05-5187); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (*per curiam*), *petition for cert. filed* (June 30, 2005) (No. 05-6041); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 162 L. Ed. 2d 285, 125 S. Ct. 2559 (2005).

*Rankin v. United States*, 04-74780/02–80242

record on October 6, 2005 , by electronic and/or ordinary mail.

<u>s/Theresa E. Taylor                              </u>
Case Manager